PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE <u>SOUTHERN</u> DISTRICT OF TEXAS
<u>HOUSTON</u> DIVISION

United States Courts
Southern District of Texas
FILED

AUG 13 2020

David J. Bradley, Clerk of Court

<u>Juan Javier Ornelas #01758617</u>
Plaintiff's Name and ID Number
<u>Estelle Unit, 264 FM 3478 Rd.</u>
<u>Huntsville Tx. 77320</u>
Place of Confinement

<u>Additional Plaintiffs: Page: 15</u>

Class Action
CASE NO. _____
(Clerk will assign the number)

v.

<u>Bryan Collier, P.O. Box 99</u>
<u>Huntsville Tx. 77342-0099</u>
Defendant's Name and Address
<u>Oscar Mendoza, P.O. Box 99</u>
<u>Huntsville Tx. 77342-0099</u>
Defendant's Name and Address
<u>Lorie Davis, P.O. Box 99</u>
<u>Huntsville Tx. 77342-0099</u>
Defendant's Name and Address
( DO NOT USE "ET AL.")
<u>Additional Defendants: Page(s): 3 & 15</u>

INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO
   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

      1. Approximate date of filing lawsuit: December 22, 2017
      2. Parties to previous lawsuit:
         Plaintiff(s) Juan Javier Ornelas #01758617
         Defendant(s) Alexander Hamilton, et al.
      3. Court: (If federal, name the district; if state, name the county.) Southern/Houston
      4. Cause number: 4:17-CV-03861
      5. Name of judge to whom case was assigned: Vanessa D. Gilmore
      6. Disposition: (Was the case dismissed, appealed, still pending?) Voluntary Dismissal
      7. Approximate date of disposition: July 27, 2018
      8. Additional Lawsuits: Page(s): 13 & 14

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: TDCJ-CID, Estelle Unit, 264 FM 3478 Rd. Huntsville Tx. 77320

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Juan Javier Ornelas #01758617 TDCJ-CID, Estelle Unit, 264 FM 3478 Rd. Huntsville, Tx. 77320

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Bryan Collier, Executive Director, TDCJ, P.O. Box 99, Huntsville Tx. 77342-0099

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

failure to provide Safe & Humane prison conditions and Adequate Medical Care

Defendant #2: Oscar Mendoza, Deputy Executive Director, TDCJ, P.O. Box 99, Huntsville Tx. 77342-0099

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

failure to provide Safe & Humane prison conditions and Adequate Medical Care

Defendant #3: Lorie Davis, TDCJ-CID Director, TDCJ P.O. Box 99, Huntsville Tx. 77342-0099

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

failure to provide Safe & Humane prison conditions and Adequate Medical Care

Defendant #4: Stephen Bryant, TDCJ-CID Region 1 Director, TDCJ, P.O. Box 99, Huntsville Tx. 77342-0099

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

failure to provide Safe & Humane prison conditions and Adequate Medical Care

Defendant #5: Jeffery Richardson, Warden / Estelle Unit, TDCJ, 264 FM 3478 Rd. Huntsville Tx. 77320

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

failure to provide Safe & Humane prison conditions and Adequate Medical Care

Defendant #6: Tracy Hutto, Assistant Warden / Estelle Unit, TDCJ, 264 FM 3478 Rd. Huntsville Tx. 77320

failure to provide Safe & Humane prison conditions and Adequate Medical Care

Rev. 05/15

3

Additional Defendants: Page: 15

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Defendants are employees of the Texas Department of Criminal Justice (TDCJ). Each defendant is sued in their individual & official capacity. At all times relevant to this suit defendants acted under the color of State Law.
Plaintiff (prisoners) at all times relevant to this suit was incarcerated at the TDCJ-CID Estelle Unit at 264 FM 3478 Rd. Huntsville Tx. 77320.
Additional Page(s): 6-9

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Emergency Temporary Restraining Order, Preliminary & Permanent Injunctions, Nominal, Compensatory & Punitive Damages, Declaratory Judgment

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Juan Javier Espinoza, Juan Javier Ornelas

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ-CID #01235354, TDCJ-CID #01758617

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___ YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied? ___ YES ___ NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed? ✓ YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): Southern/Houston
2. Case number: 4:17-CV-03861
3. Approximate date warning was issued: February 6, 2018

Executed on: 8/10/20
DATE

Juan Javier Ornelas

*Juan Javier Ornelas*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___10th___ day of ___August___, 20 20.
(Day) (month) (year)

Juan Javier Ornelas

*Juan Javier Ornelas*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Defendants are responsible for providing plaintiff with Safe & Humane Prison Living Conditions, and Proper & Adequate Medical Care. Defendants are also responsible for properly enforcing TDCJ Protocols & CDC [Center for Disease Control] Protective Measures designed to prevent the spread of the Corona Virus COVID-19.

The Corona Virus COVID-19 is a respiratory illness that can spread from person to person via respiratory droplets produced when an infected person coughs or sneezes. A person can also get the virus by touching a surface or object that has the virus on it and then touching their own mouth, nose or possibly their eyes. The virus is also airborne (which means that it can spread via small respiratory droplets in the air). The virus can seriously sicken, permanently damage and kill a person. There is currently no vaccine to protect against the virus. A person is at a higher risk for infection when they live in or have recently been in an area with ongoing spread of the virus.

Defendants acted recklessly in response to the virus and continue to do so.

Begining in March of 2020 and continuing, Defendants failed to provide plaintiff with Safe & Humane Prison Living Conditions, and Proper & Adequate Medical Care, and were deliberately indifferent to plaintiffs serious medical needs. Defendants exposed plaintiff to an Extremely High Risk of being infected and may have actually caused plaintiff to be infected with the virus.

Defendants failed to properly enforce TDCJ Protocols & CDC Protective Measures designed to prevent the spread of the virus.

Page: 6

Defendants failed to properly screen & test everyone for the virus before they entered the unit, as they discouraged it. Defendants failed to prevent the virus from entering the unit.

Defendants failed to provide plaintiff with proper & adequate Medical Lockdown, Medical Isolation and Medical Restriction. Defendants transferred infected prisoners to the Estelle Unit and then failed to prevent cross contamination / spread of the virus.

In May of 2020, defendants knowingly and intentionally failed to properly test "everyone" for the virus at the Estelle Unit [to include plaintiff, all prisoners and all TDCJ & UTMB employees]. Defendants also failed to properly separate prisoners who tested positive or refused testing, from plaintiff and those who tested negative. There was no follow up testing ordered by Defendants. This caused cross contamination / spread of the virus.

Defendants knowingly and intentionally failed to provide "everyone" at the Estelle Unit [to include plaintiff] with proper & adequate Medical Information & Education regarding the COVID-19 and testing. Defendants misled everyone with false information and played hide and seek with the true and accurate information. This caused cross contamination / spread of the virus.

Defendants failed to provide "everyone" at the Estelle Unit [to include plaintiff] with proper & adequate Medical Protective Equipment such as: safety glasses, masks, gloves, ect... and Medical Sanitizing & Cleaning Supplies such as: alcohol based hand sanitizer, total body foam cleaner, ect... This caused cross contamination / spread of the virus.

Page: 7

Defendants failed to provide "everyone" at the Estelle Unit [to include plaintiff] with proper & adequate Ventilation & Safe Air Quality. This caused cross contamination / spread of the virus.

In June of 2020' Defendants removed the Estelle Unit from Medical Lockdown Status even though they knew that it was unsafe and dangerous to do so, as the spread of the virus was ongoing. This caused a Major Outbreak Of The Virus inside & outside of the Estelle Unit.

Defendants actions / inactions described herein caused several outbreaks of the virus inside & outside of the Estelle Unit that seriously sickened, permanently damaged and killed many people. This will continue to occur if the Court does not act quickly to stop it.

The TDCJ website(s) "confirm" that many prisoners and TDCJ & UTMB employees at the Estelle Unit have been infected with the virus, seriously sickened, permanently damaged and killed. This is "Strong Evidence" to support plaintiff's claims.

Plaintiff has been feeling seriously ill and may be infected with the virus. Plaintiff must be properly tested, observed and treated for the virus' otherwise' plaintiff could possibly die soon, if infected.

Plaintiff must be removed from the Estelle Unit "as soon as possible" otherwise' plaintiff could become infected with the virus, seriously sickened, permanently damaged or killed.

Defendants did indeed violate and continue to violate plaintiffs Constitutional 8th Amendment Right to be free from Cruel & Unusual Punishment by failing to provide plaintiff with Safe & Humane Prison Living Conditions, and Proper & Adequate Medical Care.

TDCJ Website: www.tdcj.texas.gov
http://www.tdcj.texas.gov/

Relief:

Emergency Temporary Restraining Order, and Preliminary Injunction, seeking to enjoin defendants and all TDCJ/UTMB employees from: Acting Recklessly In Response To The COVID-19, Creating Unsafe & Inhumane Prison Conditions, and Giving Plaintiffs Improper & Inadequate Medical Care.

Plaintiffs respectfully ask that the Court ORDER the Defendants to:

1) properly enforce and comply with the TDCJ Protocols & CDC Protective Measures designed to prevent the spread of the virus,

2) provide plaintiffs with proper & adequate Medical Care to include:

a) proper Medical Lockdown, Medical Isolation & Medical Restriction (to include the prevention of any more infected prisoners from being transferred to the Estelle Unit),

b) proper testing for the COVID-19 antibodies via test kits that are validated by the FDA for "everyone" at the Estelle Unit, and proper separation of "everyone" after testing,

c) proper Medical Equipment designed to protect against and prevent the spread of COVID-19 such as safety glasses, masks, gloves, ect... for "everyone" at the Estelle Unit,

d) proper Medical Sanitizing & Cleaning Supplies designed to protect against and prevent the spread of COVID-19, such as: alcohol based hand sanitizer, total body foam cleaner, bleach, soap, eck... for everyone at the Estelle Unit,

e) proper Medical Information & Education on COVID-19 (to include testing) designed to protect against and prevent the spread of COVID-19 for everyone at the Estelle Unit,

f) proper Medical Screening & Testing for COVID-19 for everyone who needs to enter & exit the Estelle Unit,

g) prohibit TDCJ & UTMB employees from entering the Estelle Unit if they "repeatedly" test positive for COVID-19 until there is a vaccine available for them to utilize,

h) proper Medical Contact Tracing & Testing for everyone at the Estelle Unit,

3) give plaintiffs the options of: parole (if eligible), unit transfer, out of state transfer, or transfer to the Federal Prison System, so that they may receive Safe & Humane Prison Conditions, and Proper & Adequate Medical Care, and to prevent defendants from continuing to Retaliate against them & Interferring with the Litigation of this suit, Defendants MUST NOT transfer plaintiffs to a prison with similar conditions described in this complaint, Defendants MUST NOT transfer plaintiffs without their signed consent, Defendants MUST NOT transfer plaintiffs until they have been properly tested for COVID-19 & CLEARED for transfer,

Page: 11

4) allow "all" prisoners at the Estelle Unit to receive E-Comms of (50$ per month) containing hygiene & healthy food items, which they need to: protect against and prevent the spread of COVID-19, and to boost their overall health & immune system which will help them combat COVID-19 if they are infected or become infected. Defendants MUST NO LONGER stop E-Comms for any reason.

Emergency TRO & Preliminary Injunction should be GRANTED as plaintiffs have satisfied the 4 prerequisites that must be satisfied before a plaintiff can be awarded preliminary injunctive relief. SEE Page: 8. Plaintiffs, by a clear showing, have carried their burden of persuasion.

Additional Relief:
With regards to any permanent injunction, nominal & punitive damages, plaintiffs respectfully ask that the Court decide what is appropriate & necessary in this case.

Plaintiffs do seek Money Damages

Previous Lawsuits:

1. Approximate date of filing lawsuit:
February 26, 2018
2. Parties to previous lawsuit:
Plaintiff: Juan Javier Ornelas #01758617
Defendant: Alexander Hamilton
3. Court: Western / Waco
4. Cause number: W-18-CV-056
5. Judge: Robert Pitman / Alan D. Albright
6. Disposition: Appealed
7. Approximate date of disposition:
Dismissed: July 9, 2019 / Appealed: July 30, 2019
Still pending...

1. Approximate date of filing lawsuit:
March 26, 2018
2. Parties to previous lawsuit:
Plaintiff: Juan Javier Ornelas #01758617
Defendant: Benny H. Boykin
3. Court: Western / Waco
4. Cause number: W-18-CV-089
5. Judge: Robert Pitman / Alan D. Albright
6. Disposition: Dismissed
7. Approximate date of disposition:
November 16, 2018

1. Approximate date of filing lawsuit:
April 18, 2018
2. Parties to previous lawsuit:
Plaintiff: Juan Javier Ornelas #01758617
Defendant: Leontyne Haynes
3. Court: Eastern/Lufkin
4. Cause number: 9:18-CV-065
5. Judge: Ron Clark / Zack Hawthorn
6. Disposition: Still pending
7. Approximate date of disposition: Still pending

Previous Lawsuits:

1. Approximate date of filing lawsuit:
July 25, 2018
2. Parties to previous lawsuit:
Plaintiff: Juan Javier Ornelas #01758617
Defendant: Susan A. Steel
3. Court: Eastern / Lufkin
4. Cause number: 9:18-cv-133
5. Judge: Ron Clark / Zack Hawthorn
6. Disposition: Voluntarily dismissed
7. Approximate date of disposition:
February 7, 2019

Additional Plaintiffs:

#2) Armando Deanda #02207056
#3) John Rainey #01439680
#4) Gabriel Carnell #01707510
#5) Servando Duran #02069550
#6) Roy Williams #0828343
#7) Callis Whalon #01668207
#8) Anthony Greenwood #02068108
#9) Bryan Shipman #01513123
#10) Devin Fields #02020162
#11) Elliott Stroman #02156662
#12) Robert Flores #01706905
#13) Frank Kircher #02174871
#14) Sherekhan Evans #01631402
#15) Tommy Barnes #0537536
#16) Quiton Cox #01624099
#17) Marshall Dewbre #01426127
#18) And on behalf of ALL prisoners at the Estelle Unit...

Additional Defendants:
#7) Terry Burson, Assistant Warden, Estelle Unit, TDCJ 264 FM 3478 Rd. Huntsville Tx. 77320
failure to provide Safe & Humane prison conditions and Adequate Medical Care
#8) Khari Mott, Health Administrator / Business Manager, Estelle Unit, TDCJ, 264 FM 3478 Rd. Huntsville Tx. 77320
failure to provide Safe & Humane prison conditions and Adequate Medical Care

In The United States District Court
For The Southern District Of Texas
Houston Division

Juan Javier Ornelas
TDCJ-CID #01758617
et al.

v.

Bryan Collier
et al.

Class Action

Case No.

_____

## NOTICE TO CLERK

I, Juan Javier Ornelas (plaintiff) declare under the penalty of perjury that this is an EMERGENCY Lawsuit.

Please file the enclosed: Application To Proceed In Forma Pauperis, 1983 Prisoner's Civil Rights Complaint & Memorandum (A), and then bring it to a District Judge's attention immediately.

Respectfully,

*Juan Javier Ornelas*

Juan Javier Ornelas
TDCJ-CID #01758617
Estelle Unit
264 FM 3478 Rd.
Huntsville, Tx. 77320